# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARCUS D. NORTON, | : | |
| Plaintiff, | : | Case No. 3:06CV268 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MEIJER GROUP, INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Marcus D. Norton, a resident of Dayton, Ohio, brings this case *pro se* claiming that his employer Meijer Group, Inc. and four individuals discriminated against him on the basis of his race in violation of his civil rights.

The Court previously granted Norton's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Norton's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court. 28 U.S.C. §1915(e)(2)(B)(ii-iii).

In the present case, Norton has attached to his Complaint the Charge of Discrimination he filed with the United States Equal Employment Opportunity Commission ("EEOC"). His Charge states:

    I.    I am black. On or about May 24, 2005 I was discharged. I am aware of White employees in the same circumstances that have not been discharged.

    II.    I was told by Management that the Company does not re-hire people in my circumstances.

>   III.   I believe I was discharged because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

Norton has also attached to his Complaint a Notice of Right to Sue, which he received from the EEOC.

Norton's Complaint and attached documents establish that he seeks to raise claims of racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, *et seq*.

"Plaintiffs must typically file a timely discrimination charge with the EEOC in order to bring a Title VII lawsuit." *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001). Because Ohio is a so-called deferral state, Norton was required to file his EEOC charge within 300 days of the date his employment was terminated in violation of Title VII. *See id*.

Accepting Norton's factual allegations as true and liberally construing them in his favor establish that his employment with Meijer Group, Inc. was terminated on or around May 24, 2005. On this day, Title VII's 300-day limitation period began running. *See id*. Norton was therefore required to file his EEOC charge on or before March 20, 2006. He, however, did not do so, as shown by his EEOC charge which he signed on March 22, 2006. *See* Doc. #2 (charge attached). Because Norton's EEOC charge was untimely, his present Title VII claims must be *sua sponte* dismissed. *See Amini*, 259 F.3d at 498; *see also Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (*sua sponte* dismissal warranted when claims barred by statute of limitations).

To the extent Norton also seeks to raise discrimination claims under Title VII against the individuals he listed as defendants in his Complaint, these claims fail as a matter of law because an individual employee or supervisor who does not meet the statutory definition of an

3

"employer" cannot be held liable under Title VII. *Wathen v. General Electric Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997).

Accordingly, Norton's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Marcus D. Norton's Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Norton leave to appeal *in forma pauperis*. If so certified, Norton, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court.

September 11, 2006

              s/ Sharon L. Ovington
               Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).